**[J-56-2025] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 3 WAP 2025 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered June 28, |
| | : | 2024, at No. 17 WDA 2022, Affirmed |
| v. | : | in Part and Vacating In Part the |
| | : | Order of the Court of Common |
| | : | Pleas of Beaver County entered |
| JAMIE M. BROWN, | : | December 15, 2021, at No. CP-04- |
| | : | CR-000913-2001 and remanding. |
| Appellant | : | |
| | : | SUBMITTED: May 20, 2025 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: JANUARY 28, 2026**

I agree with the majority[1] that "a PCRA petitioner is required to establish the newly discovered facts exception with evidence that would be admissible at a PCRA hearing." Majority Opinion at 2. I also agree with the majority that "a third-party confession to another person . . . may serve as a newly discovered fact under the PCRA." *Id*. And I agree as well that "[a] different confession, to a different individual, at a different time, necessarily is a distinct fact for purposes of Section 9545(b)(1)(ii)" and "not a new source of a previously known fact[.]" *Id*. at 20. Where I part ways with the majority is in its description of the new fact at issue here, and with its preemptive, advisory resolution of a separate evidentiary issue over which we did not grant review.

---

[1] Although Section V of the lead opinion has not garnered a majority vote, I nonetheless refer to that opinion as the "majority" or "Majority Opinion" for ease of reference.

By way of background, Brown was convicted of third-degree murder for killing Aliquippa Police Officer James Naim. Relevant here, in his fourth, facially untimely PCRA petition, Brown alleged the Commonwealth was "aware . . . that Anthony Tusweet Smith confessed to killing Officer Naim in 2009" to inmate Anthony Dorsett. PCRA Petition, 6/4/21, at ¶253. "Despite that fact," Brown alleged, "that information was never provided to [him] during his prior PCRA proceedings — even after [he] requested discovery that could have potentially revealed such information." *Id*. at ¶254; *see id*. at ¶264 (positing the Commonwealth "failed to disclose [ ] Dorsett's statement during [ ] Brown's prior PCRA proceedings"). However, Brown's muddled presentation of his claim has caused some confusion, and the majority regrettably fails to clarify the matter. Specifically, Brown claimed the Commonwealth violated *Brady*,[2] and he argued such "claims are cognizable **under 42 Pa.C.S. §9543(a)(2)(vi)**." *Id*. at ¶245 (emphasis added), *citing Commonwealth v. Simpson*, 66 A.3d 253, 264 n.16 (Pa. 2013).[3]

Herein lies the source of the present trouble. In *Simpson*, we acknowledged that "[a] *Brady* claim is cognizable on collateral appeal under the PCRA." 66 A.3d at 264 n.16. In support, we cited *Commonwealth v. Tedford*, 960 A.2d 1, 30 n.19 (Pa. 2008), including a parenthetical citing Section 9543(a)(2)(vi), which is colloquially known as the after-discovered evidence provision. *Tedford*, however, does not support the proposition that a *Brady* claim is really just an after-discovered evidence claim. Instead, *Tedford* merely

---

[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

[3] I observe that, in his PCRA petition, Brown passingly argued that, "even if the . . . Dorsett information would not qualify as *Brady* evidence because his statement was provided in 2009 — after [ ] Brown's trial, it still plainly meets the after-discovered evidence test[.]" PCRA Petition, 6/4/21, at ¶259. However, Brown has since abandoned that claim as his brief focuses exclusively upon *Brady*.

noted that "a **Brady-like** claim is specifically cognizable under the" PCRA through the after-discovered evidence provision. *Tedford*, 960 A.2d at 30 n.19 (emphasis added). But although the two claims undoubtedly share some similarities, they are most certainly not the same.

A *Brady* claim is grounded in the prosecution's failure to disclose material evidence favorable to the defense, which constitutes a violation of the defendant's due process rights under the Fourteenth Amendment. *See Commonwealth v. Smith*, 17 A.3d 873, 887 (Pa. 2011); *see id*. (to succeed on a *Brady* claim, a defendant "must plead and prove that (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant") (internal quotations and citation omitted). As such, under the PCRA, a *Brady* claim falls within the scope of Section 9543(a)(2)(i), which provides relief for convictions or sentences resulting from "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(2)(i). We have recognized as much on multiple occasions. *See Commonwealth v. Natividad*, 200 A.3d 11, 29 n.13 (Pa. 2019) (addressing a post-conviction claim alleging a "due process violation under *Brady* pursuant to 42 Pa.C.S. §9543(a)(2)(i)"); *Smith*, 17 A.3d at 887-88 ("In the PCRA context, a petitioner must demonstrate that the alleged *Brady* violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.") (internal quotations and citation omitted).

Meanwhile, the after-discovered evidence provision under Section 9543(a)(2)(vi) addresses claims based on the "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome

of the trial if it had been introduced." 42 Pa.C.S. §9543(a)(2)(vi). To succeed under this provision, a petitioner must prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016) (internal quotations and citation omitted).

As can be seen, even though an after-discovered evidence claim under Section 9543(a)(2)(vi) is "*Brady*-like" in some ways, it is substantively distinct. *Tedford*, 960 A.2d at 30 n.19. Unlike a *Brady* claim, an after-discovered evidence claim does not require a violation of the law, nor does it require any involvement by the Commonwealth. To be sure, it is possible that where a successful *Brady* claim lies, so too may a successful after-discovered evidence claim. Certain facts may support both a *Brady* claim and an after-discovered evidence claim. But that will not always be the case.[4] What matters is whether the facts satisfy the two independent tests outlined above.

The difference between the two types of claims is critical not only as a substantive matter, but also with respect to the timebar. *See* 42 Pa.C.S. §9545(b)(1) (providing that any PCRA petition must be filed within one year of date of judgment becoming final unless one of three narrow exceptions applies). Where, as here, a defendant invokes the newly discovered facts exception to the timebar, he must prove that "the facts **upon which the claim is predicated** were unknown to [him] and could not have been ascertained by the

---

[4] For example, the mere fact a defendant discovers that another person confessed to the crime might be enough, on its own, to satisfy the after-discovered evidence test. But it would not alone suffice to prove a *Brady* violation. That would require the defendant to plead and prove the additional fact that the Commonwealth suppressed the confession. Put differently, the existence of the confession is a fact that would support both a *Brady* claim and an after-discovered evidence claim, but a *Brady* claim still requires more.

exercise of due diligence[.]" 42 Pa.C.S. §9545(b)(1)(ii) (emphasis added).[5] Not all claims are alike. Nor are all facts. The relevant predicate facts for one type of claim may not be the same for another. Such is often the situation with *Brady* and after-discovered evidence claims.

Consider this case. The majority concludes that to meet the newly discovered fact exception, "Brown must prove the 'fact' upon which the claim is predicated — that Tusweet Smith confessed to Dorsett." Majority Opinion at 36; *see id.* at 28 ("[I]n order to establish the predicate fact, Brown will have to prove at th[e] hearing, with admissible evidence, that Tusweet Smith made the confession to Dorsett."); *id.* at 36 ("For purposes of the newly discovered facts exception, . . . [w]hat matters is that Tusweet Smith told Dorsett that he committed the murder, and Dorsett provided a statement to that effect."). I would agree with this statement if the claim before us were a pure after-discovered evidence claim. But, as the majority explains, it is not; instead, "Brown raises a *Brady* claim[.]" Majority Opinion at 19. That type of claim is predicated on a different type of fact. Typically, "the fact[ ] upon which [a] *Brady* claim [is] predicated" is "that the Commonwealth withheld evidence[.]" *Natividad*, 200 A.3d at 29. And, indeed, that is exactly what Brown pled in his petition. *See* PCRA Petition, 6/4/21, at ¶253-254 (alleging the Commonwealth was "aware of" the supposed confession yet, "[d]espite **that fact**, **that information was never provided**") (emphasis added); *see id.* at ¶255 (arguing the Commonwealth "**fail[ed] to provide** this *Brady* evidence") (emphasis added); *id.* at ¶264 (contending the Commonwealth "**failed to disclose** [ ] Dorsett's statement during [ ] Brown's prior PCRA proceedings") (emphasis added). Even the majority, at times, seems to recognize the proper operative fact underlying Brown's *Brady* claim is his discovery of

---

[5] As demonstrated above, Section 9545(b)(1)(ii) technically speaks of "unknown" facts. However, in the interest of consistency, I will follow the lead of the majority and refer to Section 9545(b)(1)(ii) as the newly discovered facts exception.

the Commonwealth's knowledge of, and failure to disclose, the alleged confession.  *See, e.g.*, Majority Opinion at 10 (explaining "Brown argued that the Commonwealth violated *Brady* . . . **when it failed to disclose** evidence related to Dorsett's 2009 federal plea deal, including the Dorsett/Tusweet Smith statement") (emphasis added); *id*. at 19 ("In the current PCRA petition, Brown raises a *Brady* claim **predicated upon Brown's discovery**, in 2018, of the 2009 statement by Dorsett") (emphasis added).

Despite the fact Brown has preserved only a *Brady* claim, the majority concludes that "[w]hether the underlying claim . . . is or is not a *Brady* claim" is a "matter[ ] for merits review, not for assessment of jurisdictional timeliness."  *Id.* at 29; *see id.* ("In this case, the nature of the underlying substantive claim for relief does not impact the timeliness analysis").  This position is directly at odds with the plain text of the newly discovered facts exception, which, again, requires a petitioner to plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. §9545(b)(1)(ii) .  As we recently and unanimously explained, "the newly discovered facts exception, as well as the requirements of Section 9545(b)(2) of the PCRA, **are claim specific**, not petition based." *Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) (emphasis added); *see id.* (where "a facially untimely PCRA petition presents various claims and invokes the newly discovered facts exception, a court can only consider the merits of the claims that meet the exception"); *see also Commonwealth v. Tedford*, 228 A.3d 891, 904 (Pa. 2020) ("This Court has consistently held that the PCRA's time restrictions are jurisdictional in nature and that a PCRA court must, before considering the merits of claims asserted in a PCRA petition, first make a threshold determination whether **each claim** was timely filed.") (emphasis added); *Commonwealth v. Porter*, 35 A.3d 4, 13 (Pa. 2012) (explaining Section 9545(b) "speaks in singular terms of 'the claim' or 'the right' which is the subject of a serial

PCRA 'petition'" and, as such, the exceptions "are claim-specific").  Although the majority assures us this extensive "precedent is intact[,]" Majority Opinion at 30 n.88, in reality, the majority ignores it and writes out of Section 9545(b)(1)(ii) the phrase, "upon which the claim is predicated."  In so doing, the majority obliterates the timebar so long as a petitioner pleads and proves any newly discovered fact at all — even one having nothing whatsoever to do with the substantive claims raised in the petition.[6]

Because the majority identifies the wrong triggering predicate fact for the *Brady* claim before us, I cannot join those parts of its opinion.

Additionally, I must dissent from the majority's *sua sponte* decision of an evidentiary issue over which we did not grant allowance of appeal.  As the majority relates, "this Court granted allowance of appeal to address '[w]hether a third-party confession to another person can serve as a newly-discovered fact under the PCRA.'" *Id.* at 15, *quoting Commonwealth v. Brown*, 333 A.3d 310 (Pa. 2025) (*per curiam*).  The answer to that sole, limited question is "yes," as the majority rightly concludes.  However, since we did not grant allowance of appeal to also play out hypothetical scenarios for introducing "Dorsett's plea deal statement," depending on whether "Tusweet Smith testifies and denies making the confession," or "refuse[s] to testify" at all, *id.* at 37, I respectfully dissent from the majority's detour down that path in Section V.  That evidentiary issue might never arise

---

[6] Imagine, for instance, that Brown proffered Tusweet Smith's confession as a newly discovered fact but, as a substantive matter, only raised an unrelated claim challenging trial counsel's failure to present character witnesses.  Under the majority's view, Brown's petition would be timely and he would still be entitled to a hearing on the merits, even though nothing prevented him from raising his ineffective assistance of counsel claim earlier.  That is patently absurd.  The newly discovered facts exception's explicit reference to "**the** claim" plainly means the underlying substantive claim — here, a *Brady* claim.

upon remand and is not a "subsidiary question fairly" subsumed within the question we did agree to resolve. Pa.R.A.P. 1115(a)(3).[7]

I respectfully concur in part and dissent in part.

Justice Mundy joins the dissenting portion of this concurring and dissenting opinion.

---

[7] The majority claims I "would have us resolve whether a third-party confession can serve as a newly discovered fact under the PCRA, but would not address whether the Dorsett/Tusweet Smith statement, in particular, did so here." Majority Opinion at 35. Respectfully, the majority is mistaken. I agree this Court should address why the panel erred in holding Brown's petition "rested solely upon inadmissible hearsay[.]" *Id.* at 36. I disagree only with the majority's unnecessary and unwarranted detour into dicta about the statement against interest exception in addressing that error. As the majority notes, Brown certified his intent to call Dorsett, Tusweet Smith, and others as witnesses at a PCRA hearing. *See* PCRA Petition, 6/4/21, Witness Certification for Anthony Dorsett ("it is expected that Mr. Dorsett will testify that as part of his plea deal he disclosed to law enforcement . . . that Anthony Tusweet Smith confessed to him too [sic] killing Officer Naim"); PCRA Petition, 6/4/21, Witness Certification for Anthony Tusweet Smith ("counsel intends to call Mr. Smith to question him concerning his confessions and concerning his involvement in the killing of Officer Naim"). "[I]f he successfully calls Tusweet Smith to testify," then Brown will not be relying on inadmissible hearsay because "Tusweet Smith's testimony would not be hearsay." Majority Opinion at 37. That is all we need to say so we should say no more. The majority does not also "**need**[ ] to address why" other testimony that may or may not be presented at the PCRA hearing "is not inadmissible hearsay." Majority Opinion at 36 (emphasis added). It simply chooses to.